TSERING YOUDON, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 06–2525–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Kathleen M. Salyer, Emily M. Smachetti, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Tsering Youdon, a native of Tibet and a citizen of China, seeks review of a May 2, 2006 order of the BIA affirming the December 30, 2004 decision of Immigration Judge ("IJ") Roxanne Hladylowycz denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tsering Youdon,* No. A97 162 993 (B.I.A. May 2, 2006), *aff'g* No. A97 162 993 (Immig. Ct. N.Y. City Dec. 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian-Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Youdon does not argue that she suffered past persecution in China; she argues only that the IJ erred in finding that she did not establish a well-founded fear of persecution. Accordingly, any challenge to the denial of her past persecution claim is waived. *See, e.g., Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir. 2006). As a result, this Court will consider only Youdon's well-founded fear of persecution claim.

■ To meet the burden for a well-founded fear of persecution, an applicant must demonstrate either a reasonable possibility of persecution against her as an individual or a pattern and practice of persecution against a group to which she belongs. 8 C.F.R. § 208.13(b)(2)(iii). Both the IJ and the BIA addressed whether the Chinese government would person-

ally target Youdon upon her return to China, due to her pro-Tibet activities in Tibet, Nepal, and the United States, and they found that it would not. These particular findings are supported by substantial evidence.

However, Youdon correctly asserted in both her brief to the BIA and to this Court that she need not show she would be individually targeted for persecution if she can demonstrate that "there is a pattern and practice .... of persecution of a group of persons similarly situated to [her]." 8 C.F.R. § 208.13(b)(2)(iii)(A). In order to establish eligibility for asylum based on a pattern and practice of persecution, the applicant must prove that she is a member of a group of persons that is regularly persecuted and that her fear of persecution on account of her membership in that group is objectively reasonable. 8 C.F.R. § 208.13(b)(2)(iii). Therefore, the BIA's and IJ's findings that Youdon failed to prove that the Chinese government was particularly interested in her are not dispositive. Neither the IJ nor the BIA considered whether Youdon's activities in the past may subject her to persecution as a member of group that is persecuted by the Chinese government. On remand, the BIA should consider whether Youdon's credible testimony was sufficient for Youdon to prove that she is a member of a group, defined as individuals who protest for a free Tibet, that is subject to persecution by the Chinese government.[1]

There is documentation in the record evidencing the Chinese government's willingness to suppress pro-Tibetan ideas, as well as suggesting close ties between China and Nepal, the country in which Youdon carried out much of her political activity. Additionally, the 2005 State Department Report on Human Rights Practices for China indicates that serious human rights problems continue to plague the country, and that the situation is particularly difficult for Tibetans. *See Country Report on Human Rights Practices, 2005, China (includes Tibet, Hong Kong, and Macau)*, U.S. Dep't of State, Bureau of Democracy, Human Rights, and Labor (March 2006), *available at* http://www.state.gov /g/drl/rls/hrrpt/ 2005/61605.htm. This Court may take judicial notice of adjudicative facts, such as current events, that materially bear on an applicant's claim for relief from removal. *See* Fed. Rule Ev. 201(b),(c); *Latifi v. Gonzales*, 430 F.3d 103, 106 n. 1 (2d Cir.2005) (taking "judicial notice of the fact that the Democratic Party returned to power in Albania through general elections in July" 2005, and suggesting that, "[o]n remand, the BIA may wish to consider this event" with regard to changed circumstances in Albania); *Yang v. McElroy*, 277 F.3d 158, 163 (2d Cir.2002) (remanding to the BIA for consideration of recent country conditions that "bear vitally" on the applicant's claim and that close the time-gap between the adjudication of his petition and the present); 8 C.F.R. § 1208.13(b)(1)(i)(A). Because there is evidence supporting Youdon's assertions that the Chinese government persecutes pro-Tibet supporters, the BIA must consider, among other things, whether there is a pattern and practice of persecution against similarly situated individuals.

■ Because Youdon's withholding of removal claim is based on the same facts

---

1. The IJ noted that Youdon failed to present sufficient corroborating evidence of her identity. Inherent in the analysis of whether Youdon is a member of a group that is persecuted by the Chinese government is the evaluation of whether Youdon established her identity. The BIA may wish to re-evaluate the IJ's identity finding in light of the agency's finding that she was credible and within the context of the pattern and practice claim.

as her asylum claim, and because the BIA should reevaluate the likelihood of future persecution under a pattern and practice scheme, we are also remanding Youdon's withholding of removal claim for further consideration. *See* 8 C.F.R. § 208.16(b)(2)(i)-(ii) (discussing the requirements to make out a pattern and practice claim for withholding of removal).

■ The IJ denied Youdon's CAT claim because she had "set forth no facts or circumstances to show that it is more likely than not she would be tortured if forced to return to the People's Republic of China." As mentioned above, there is evidence in the record of the Chinese government's torture of supporters of Tibet. When discussing the conditions in Tibet, the most recent State Department report stated, "Authorities continued to commit serious human rights abuses, including torture, arbitrary arrest and detention...." In addition, there is also evidence in the report that Chinese authorities commit torture against detainees. Accordingly, the IJ's blanket statement that Youdon presented "no facts or circumstances" to support a CAT claim is not supported by the record.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).